**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARBARA WILLIAMS,<br><br>                    Plaintiff,<br>v.<br><br>YOUNION AT RENO.,<br><br>                    Defendants. | 3:20-cv-00082-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Barbara Williams ("Williams"), application to proceed *in forma pauperis* (ECF No. 4), and *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Williams's *in forma pauperis* application (ECF No. 4) be granted, and her complaint (ECF No. 1-1) be dismissed without prejudice, for lack of subject matter jurisdiction.

**I.     *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Williams cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 4) be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III.  SCREENING OF COMPLAINT

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal courts exercise limited jurisdiction. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

Williams's complaint sues Younion at Reno for a single count of negligence based on the use of her name as a guarantor for her grandson, Jayvon, after he moved to "Reno in 2019." (ECF No. 1-1 at 2.) The complaint states Williams is a citizen of Las Vegas, Nevada. Although the complaint infers that Younion at Reno is an apartment complex located in Reno, Nevada, there are no allegations in the complaint related to Younion at Reno's citizenship. It is unclear if Younion at Reno is a corporation, partnership, LLC, or the like. Moreover, there are no allegations in the complaint related to the amount in controversy. (*Id.*)

As Williams's single claim in this case is a state tort claim, the only basis for this court to assert subject matter jurisdiction over this case is pursuant to diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction is only established if there is complete diversity of citizenship between the parties and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The complaint in this case fails to establish diversity jurisdiction in this case. Although Williams's states that she is a citizen of Nevada, there are no allegations in the complaint related to the citizenship of defendant Younion at Reno. Moreover, the complaint does not provide any information related to the amount in controversy. Therefore, complete diversity is lacking here and this action should be dismissed without prejudice so that Williams may re-assert her claims in state court. *See Mo. Ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

**IV.    CONCLUSION**

Consistent with the above, the court finds that dismissal is warranted based on a lack of subject matter jurisdiction.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to

Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that William's application to proceed *in forma pauperis* (ECF No. 4) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Williams's complaint (ECF No. 1-1); and

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITHOUT PREJUDICE,** for lack of subject matter jurisdiction.

**DATED:** June 11, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**